## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARY J. HAGERMANN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )        **Case No. CIV-04-911-R** |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Mary J. Hagermann ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's application for supplemental security income payments under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

## Administrative Proceedings

Plaintiff initiated these proceedings in June, 2002, by filing an application for supplemental security income payments, alleging that she was no longer able to work as of December, 1999,[1] due to pain in her back and right knee as well as numbness in her right foot and pain in her right hip and leg [Tr. 40, 41 - 43 and 49]. The claim was denied

---

[1]The ALJ noted that Plaintiff had previously filed an application seeking disability insurance benefits which was administratively denied on October 27, 2000 [Tr. 14]. The claim was pursued no further. *Id.* The ALJ did not find good cause to reopen the application and, accordingly, determined that the relevant time period for the current claim was from October 28, 2000, through the date of his decision [Tr. 14 - 15]. Plaintiff made no objection to such determination in this appeal.

initially and upon reconsideration [Tr. 26 - 27 and 29 - 30].  At Plaintiff's request, an Administrative Law Judge ("ALJ") conducted a June, 2003, hearing where Plaintiff, who was represented by counsel,  and a vocational expert testified [Tr. 9  and 203 - 244].  In his October, 2003, hearing decision, the ALJ determined that Plaintiff was not disabled as she retained the capacity to perform her past relevant work [Tr. 14 - 20].  The Appeals Council of the Social Security Administration declined Plaintiff's review request, and Plaintiff subsequently sought review of the Commissioner's final decision in this court [Tr. 4 - 6].

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.  *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  However, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is far from superficial.  "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion."  *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted).  "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.* at 299.

## Determination of Disability

The Social Security Act defines "disability" for purposes of supplemental security income benefits as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Plaintiff bears the initial burden of proving that she has one or more severe impairments. 20 C.F.R. § 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Where Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984). In this case, the ALJ determined that Plaintiff could perform her past relevant work and concluded his analysis at the fourth step.

## Plaintiff's Contentions of Error

Plaintiff contends that the ALJ erred in failing to consider her obesity throughout the sequential process. In addition, Plaintiff assigns error to the ALJ's failure to consider Plaintiff's depression, anxiety and related limitations in the residual functional capacity ("RFC") assessment and to include such impairments in hypothetical questions to the vocational expert. Also challenged are the ALJ's credibility findings.

Remand is recommended due to the ALJ's failure to include mental limitations determined by a medical source in Plaintiff's RFC assessment and, consequently, in the hypothetical questions to the vocational expert.  As to Plaintiff's remaining contentions, the Commissioner does not disagree that the ALJ committed error by failing to consider Plaintiff's obesity, arguing, instead, that the error was harmless [Doc. No. 20, Brief in Support of the Commissioner's Decision, pages 3 - 4].  Because remand is required as a result of the mental limitation omission and because the Tenth Circuit has held that only in the "right *exceptional* circumstance" is it "appropriate to supply a missing dispositive finding under the rubric of harmless error," *Allen v. Barnhart,* 357 F.3d 1140, 1145 (10th Cir. 2004) (emphasis added), it is further recommended that, on remand, the ALJ consider Plaintiff's obesity pursuant to the requirements of Social Security Ruling 02-1p, 2000 WL 628049 and "explain how [he] reached [his] conclusions on whether obesity caused any physical or mental limitations."  *Id.* at *7.  With respect to Plaintiff's credibility, the potential inclusion of mental impairments as well as other limitations caused by Plaintiff's obesity could impact credibility findings on remand and, consequently, Plaintiff's claim of error regarding the credibility assessment which is based on the existing record need not be addressed here.  *See Watkins v. Barnhart,* 350 F.3d 1297, 1299 (10th Cir. 2003).

<u>**Analysis of the ALJ's Decision**</u>

The ALJ found that Plaintiff – fifty years old with a twelfth-grade education and with past relevant work as a telemarketer and a unit secretary – was status post left hip fracture and right wrist fracture; status post total left hip replacement; status post

arthroscopy of the right knee, and suffered from degenerative joint disease, all of which were expected to interfere more than minimally with her ability to perform work-related activities and were, consequently, severe impairments [Tr. 15 - 16]. Following a detailed review of the medical record, the ALJ turned to Plaintiff's claim of depression:

> The claimant mentioned at the hearing that she had depression. The record reveals that the claimant had depression after the motor vehicle accident in July 1996 because her husband was killed in the accident. Therefore, she was sent for a consultative psychological evaluation on August 1, 2003. Wechsler Adult Intelligence Scale - Revised (WAIS-R) revealed a verbal IQ of 96, performance IQ of 94, and full scale IQ of 95, placing the claimant in the average range of intellectual functioning. Dr. Swink stated that the claimant responded appropriately in terms of mental status functions and recent and remote memory. Dr. Swink stated that the claimant evidenced mild anxiety and depression. Dr. Swink completed a medical source statement indicating that the claimant had no significant limitation in most areas of mental functioning with the exception of moderate limitations in performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances, and completing a normal workday or workweek from psychologically based symptoms. The moderate limitations do not correspond with the narrative part of Dr. Swink's report. In his report, Dr. Swink stated that all testing was normal with the exception of some mild impairment in physical stamina on the Tactual Performance Test. In addition, he noted no deficits in concentration, memory, or pace. The claimant takes no medication for depression or anxiety, and has not sought treatment from a mental health professional. Based on the totality of the evidence, the Administrative Law Judge finds that the claimant's depression is mild and would have only a minimal affect on her ability to perform work-related activities.
>
> After reviewing all of the evidence in this case, the ALJ has entered findings that reflect his evaluation of claimant's mental impairments in conformity with the special technique described by the Social Security Regulations. With regard to the "B" criteria of the listings, the claimant's depression has resulted in a mild restriction of activities of daily living; mild difficulties in maintaining social functioning; and mild difficulties in maintaining concentration, persistence, or pace. There is no evidence that the claimant has experienced episodes of decompensation.

[Tr. 17 - 18] (record citation and footnote omitted).

The ALJ concluded that Plaintiff has the RFC to perform work-related activities which involve neither lifting over ten pounds nor more than occasional climbing, balancing, stooping, crouching, crawling and walking [Tr. 20]. He further determined that Plaintiff's past relevant work as a unit secretary and telemarketer did not require the performance of work-related activities precluded by such limitations. *Id.*

It is Plaintiff's contention that the RFC assessed by the ALJ does not include all of her mental impairments and limitations. Specifically, Plaintiff points to the report of the consultative psychologist, Dr. Swink, and his diagnosis of Adjustment Disorder With Mixed Anxiety And Depressed Mood, Mild, Secondary To Injuries And Physical Restrictions (DSM-IV 309.28) and Pain Disorder Associated With Psychological Factors And A Chronic Medical Condition (DSM-IV 307.89) [Tr. 197]. Plaintiff further notes Dr. Swink's finding that Plaintiff was moderately limited in her "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances" as well as in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." [Tr. 200].

As quoted above, the ALJ rejected Dr. Swink's finding that Plaintiff was moderately limited in these two areas of persistence and pace on the grounds that such limitations did not correspond with the narrative portion of Dr. Swink's report [Tr. 17]. In support of his conclusion, the ALJ noted that Dr. Swink had stated that all of Plaintiff's testing was normal with the exception of some mild impairment in physical stamina on the Tactual Performance Test and that the doctor had observed no deficits in concentration,

memory or pace [Tr. 17 - 18].  Having rejected Dr. Swink's findings, the ALJ completed the psychiatric review technique, determining that Plaintiff had only mild difficulties in maintaining concentration, persistence or pace as well as a mild restriction of activities of daily living and mild difficulties in maintaining social functioning [Tr. 18].  A rating of "none" or "mild" in each of these three functional areas generally leads to the conclusion that a claimant's mental impairment is not severe.  *See* 20 C.F.R. § 416.920a (d) (1).

In making the determination to reject Dr. Swink's finding that Plaintiff had moderate limitations in persistence and pace, the ALJ either failed to consider or failed to record his consideration of a statement made by Dr. Swink on that portion of the Mental Medical Source Statement which allows the medical consultant to elaborate on a claimant's functional capacities and to "[i]nclude any information that clarifies limitation or function." [Tr. 202].  Dr. Swink provided the following explanation in this section:

> She responded appropriately to this examination.  She has average WAISR ____, and performed overall average on the Halstead-Reitan Battery.  Her chronic pain condition poses the most important limiting condition, and is basis for the "moderate" ratings above.[2]

*Id.*

---

[2]This statement by Dr. Swink is consistent with his diagnosis of Pain Disorder Associated With Both Psychological Factors and a Chronic Medical Condition [DSM-IV 307.89].  As explained by the American Psychiatric Association in the Diagnostic and Statistical Manual of Mental Disorders, "[t]his subtype [of Pain Disorder] is used when both psychological factors and a general medical condition are judged to have important roles in the onset, severity, exacerbation, or maintenance of the pain."  *See* DSM-IV at 499.  This is in contrast to a Pain Disorder Associated With a General Medical Condition, a subtype used for differential diagnosis when "[t]he pain results from a general medical condition, and psychological factors are judged to play either no role or a minimal role in the onset or maintenance of the pain."  *Id.*

In light of Dr. Swink's underscoring of his finding of moderate limitations in persistence and pace, the ALJ's rejection of Dr. Swink's medical source opinion as inconsistent with his report is not supported by substantial evidence.  Having rejected Dr. Swink's assessments of Plaintiff's mental impairments and limitations, "the ALJ appears to have completed the psychiatric review technique (PRT) form based on his own view of the evidence." *Schwarz v. Barnhart,* No. 02-6158, 2003 WL 21662103, at *5 (10th Cir. July 16, 2003).[3]  "The ALJ may not substitute his lay opinion for a medical opinion." *Id.* (citation omitted).  In formulating Plaintiff's RFC on remand, the ALJ will have the opportunity to reevaluate Dr. Swink's assessed impairments and limitations in the light of the entire report, including the doctor's statement elaborating on his findings of moderate limitations of persistence and pace.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the final decision of the Commissioner be reversed and the matter remanded for further proceedings consistent with this report.  Specifically, it is recommended that the opinion and mental limitations determined by Dr. Richard Swink be reevaluated and that Plaintiff's obesity be considered pursuant to the requirements of Social Security Ruling 02-1p, 2000 WL 628049.  The parties are advised of their right to object to this Report and Recommendation by June 3, 2005, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and

---

[3]This and any other unpublished dispositions referenced herein are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

8

legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 17th day of May, 2005.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE